UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ASTOR BIRRI,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>           Defendant. | Case No.  22-cv-03311-VKD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL AND SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 25 |

Plaintiff Astor Birri, who is representing himself, filed a "motion to set aside settlement agreement." Dkt. No. 25. He seeks relief from an order of dismissal entered pursuant to an agreement he reached with defendant U.S. Small Business Administration ("SBA") to resolve this civil rights lawsuit. *Id.* Mr. Birri claims that the Assistant U.S. Attorney ("AUSA") who negotiated the agreement with him "wrongfully and intentionally gave [him] false information" about the status of a related Federal Tort Claims Act ("FTCA") claim against the SBA and that he signed the settlement agreement under duress. *Id.* at 1-2. Mr. Birri also claims that he has obtained "new evidence" regarding the underlying claim. *Id.* at 7.

The Court construes Mr. Birri's motion as a motion for relief from an order of dismissal with prejudice under Rule 60(b) of the Federal Rules of Civil Procedure. *See id.* at 9 (citing Rule 60). The SBA opposes Mr. Birri's motion. Dkt. No. 26. This motion is suitable for decision without oral argument. *See* Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies Mr. Birri's motion for relief from the order of dismissal or the settlement

agreement resolving the litigation.[1]

## I. BACKGROUND

Mr. Birri filed this lawsuit on June 7, 2022. Dkt. No. 1. In his complaint, he alleged that the SBA discriminated against him on the basis of race and age by refusing to distribute $38,800 in approved COVID-19 Economic Injury Disaster Loans ("EIDLs") to him and his businesses based on an assessment that he was "overfunded for a black person." *Id.* ¶¶ 6-26. He claimed the SBA's actions violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq. Id.* ¶¶ 12-26. According to the complaint, the SBA's failure to distribute the EIDLs caused Mr. Birri's businesses to incur significant losses and led him contemplate suicide. *Id.* ¶ 27. The complaint demanded distribution of the previously approved loan funds and $13,780,000 in damages for harm to his businesses and for his own "pain and suffering." *Id.*

On June 10, 2022, Mr. Birri filed a separate administrative tort claim under the FTCA against the SBA. *See* Dkt. No. 26-2. As in the complaint in this lawsuit, Mr. Birri alleged that the SBA failed to distribute EIDLs to his businesses because he was "over-funded (for a Black Person)." *Id.* The FTCA claim also alleged that the SBA's conduct caused Mr. Birri to become suicidal. *Id.* The FTCA claim included a request for $13,780,000 in damages. *Id.*

The SBA moved to dismiss Mr. Birri's lawsuit on October 21, 2022. Dkt. No. 13. Mr. Birri opposed the motion. Dkt. No. 15. The Court took the matter under submission without oral argument on November 29, 2022. Dkt. No. 19.

On February 1, 2023, while the motion was pending, Mr. Birri sent an email to the AUSA representing the SBA stating "[a]s to the litigation, I would very much like nothing more than to have this matter settled—with the [] redistribution of the $38,800 in to my business bank account." Dkt. No. 26-17.[2] The AUSA responded by email on February 10, 2023, attaching a draft

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 9, 12.

[2] Both parties have elected to disclose their communications regarding the settlement in public filings.

agreement for a proposed resolution of the SBA's dispute with Mr. Birri. *See* Dkt. No. 26-24. The draft agreement provided that Mr. Birri would release the SBA "from any and all obligations, damages, liabilities, actions, causes of action, claims and demands of any kind and nature whatsoever . . . on account of the same subject matter that gave rise to the above captioned action and including the subject matter of the Claim for Damage, Injury or Death, submitted to the United States Small Business Administration on Standard Form 95, signed by Astor Birri on June 10, 2022." Dkt. No. 26-25 ¶ 4. In return for dismissing this action with prejudice and releasing the SBA from liability, Mr. Birri would receive a payment of $38,800. *Id.* ¶¶ 3-5. The AUSA invited Mr. Birri to call if he wanted to discuss the proposed agreement. Dkt. No. 26-24.

After receiving the proposed settlement agreement, Mr. Birri spoke with the AUSA by telephone on February 10, 2023. Dkt. No. 25 at 2; Dkt. No. 26-3 ¶ 14. The parties describe this conversation differently, but both appear to agree that the AUSA told Mr. Birri that the Court's anticipated decision on the SBA's then-pending motion to dismiss could affect the SBA's willingness to settle the matter on the proposed terms. *See* Dkt. No. 25 at 2; Dkt. No. 26-3 ¶ 14.

After speaking with the AUSA, Mr. Birri signed the settlement agreement on February 10, 2023, and the government filed a "stipulation and agreement of compromise and settlement" with a proposed order for dismissal with prejudice that same day. *See* Dkt. No. 23. On February 13, the Court dismissed the action with prejudice pursuant to the parties' stipulation. Dkt. No. 24. Mr. Birri received $38,800 on February 28, 2023. Dkt. No. 26-39.

On July 31, 2023, Mr. Birri filed a "motion to set aside settlement agreement." Dkt. No. 25. He claims that the AUSA who negotiated the agreement "[led him] to be believe that the [FTCA] case had been rejected, or not even considered by the SBA" and that he "had only the case he and I [were] litigating," even though the AUSA "KNEW that the SBA was still working on the [FTCA case]." *Id.* at 2-3. Mr. Birri says that the AUSA was "aware that [he] had every intention[] of proceeding with the [FTCA] case along side of [this] case" and that he "would have done so if [the AUSA] had not [led him] to believe that the [FTCA] case was not being worked on by the SBA." *Id.* at 4. According to Mr. Birri, the AUSA "took advantage of [him]" by "getting [him] to—quickly—sign the settlement agreement—as [the AUSA] put it, 'before the Judge rules

3

1  on the motion to dismiss.'" *Id.* at 2.  Mr. Birri says he discovered that the AUSA had misled him
2  about the status of his FTCA claim when he received a letter from the SBA on May 3, 2023,
3  stating that the FTCA claim had been dismissed pursuant to the settlement agreement in this case.
4  *Id.* at 2, 8.  The letter suggested, (in Mr. Birri's view) that the SBA was actively considering his
5  claim and would have continued to do so, but for the settlement agreement.  *Id.* at 2.  Mr. Birri
6  asks the Court to "reopen[]" this case and "cancel[] the settlement agreement."  *Id.* at 9.  Mr. Birri
7  has not returned the $38,800 he received from the SBA pursuant to the settlement agreement, or
8  offered to return this amount.

## II.     LEGAL STANDARD

Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for several enumerated reasons, including:  fraud, misrepresentation, or misconduct by an opposing party; newly discovered evidence; and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) is not limited to requests for relief from a judgment, but may be used to seek relief from an order of dismissal entered pursuant to a stipulation.  *Cooper v. Newsom*, 13 F.4th 857, 864 (9th Cir. 2021).  "A motion under Rule 60(b) must be made within a reasonable time" and, for motions alleging newly discovered evidence or fraud, within a year of the order or judgment in question.  Fed. R. Civ. P. 60(c)(1).

Relief under Rule 60(b) is available only in extraordinary circumstances.  *See Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989).  "Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge."  *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006).  Determination of a Rule 60(b) motion is "committed to the sound discretion of the trial judge."  *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994).

## III.    DISCUSSION

Mr. Birri argues that he should be relieved from the terms of the settlement agreement and from the order dismissing his claims on grounds of fraud, duress, and newly discovered evidence. Dkt. No. 25 at 2-7.  He claims that the AUSA defrauded him by misleading him about the status of

4

his FTCA claim, inducing him to release it as part of a settlement of this action. *Id.* at 1-4. Mr. Birri also contends that he signed the settlement agreement under conditions of duress because he was forced to make his decision "quickly . . . before the Judge rule[d] on the motion to dismiss" and did not have the opportunity to carefully review the agreement or discuss it with an attorney from the Federal Pro Se Program. *Id.* at 2. Finally, Mr. Birri claims that he has obtained new evidence relating to his underlying discrimination claim. *Id.* at 7.

The Court considers each of Mr. Birri's stated grounds for relief under Rule 60(b).[3]

### A. Fraud, Misrepresentation, or Misconduct

To be relieved of an order under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the order was obtained through fraud, misrepresentation, or other misconduct and that the conduct complained of prevented the party from fully and fairly presenting their case or defense. Fed. R. Civ. P. 60(b)(3); *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004). Generally, fraud requires: "(1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Arena Restaurant and Lounge LLC v. Southern Glazer's Wine and Spirits, LLC*, No. 17-CV-03805-LHK, 2018 WL 1805516, at *8 (N.D. Cal. Apr. 16, 2018) (citing *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)). For purposes of Rule 60(b)(3), the fraud or misrepresentation must not have been "discoverable by due diligence before or during the proceedings." *Casey*, 362 F.3d at 1260.

Mr. Birri contends that the AUSA misled him about the status of his FTCA claim and rushed him to agree to a settlement in which he waived his right to pursue that claim. *See* Dkt. No. 25 at 1-4. The SBA responds that Mr. Birri's FTCA claim was not under active consideration at the time of the proposed settlement agreement because Mr. Birri's federal court litigation, filed three days before his FTCA claim, addressed all of the same subject matter. Dkt. No. 26 at 7. It

---

[3] The SBA argues that this Court lacks jurisdiction to entertain Mr. Birri's motion. The Court disagrees. Mr. Birri asks the Court to "cancel" the settlement agreement and "reopen" the case, not to enforce it. Dkt. No. 25 at 9. As noted above, Rule 60(b) applies to requests for relief from a stipulated order of dismissal. *See Cooper*, 13 F.4th at 864; *Delay v. Gordon*, 475 F.3d 1039, 1044-45 (9th Cir. 2007); *In re Hunter*, 66 F.3d 1002, 1004-05 (9th Cir. 1995). The Court's jurisdiction is not at issue here.

explains that the May 3, 2023 letter Mr. Birri subsequently received was an "administrative formality," and not evidence that he had unwittingly compromised a separate viable claim. *Id.* at 6-8.

Mr. Birri points to no evidence showing that the AUSA made any false or misleading statements to him about the status of his FTCA claim or its viability. The SBA proposed settlement terms that resolved its entire dispute with Mr. Birri concerning EIDL funds, and specifically called out the FTCA claim he filed on June 10, 2022 as within the scope of the release. *See* Dkt. No. 24 ¶¶ 1, 4. Neither the SBA's May 3, 2023 letter nor the absence of communications from the agency regarding the FTCA claim supports Mr. Birri's arguments that he was defrauded or misled about the status or viability of this claim; rather, these circumstances are consistent with the SBA's position that it had stopped processing the FTCA claim because the same dispute was already the subject of federal court litigation. *See* Dkt. No. 25 at 4, 8; Dkt. No. 26-3 ¶ 33. In any event, Mr. Birri has not shown that he could not have discovered everything he says he needed to know about the status of the FTCA claim by exercising reasonable diligence and making appropriate inquiries.

For these reasons, the Court concludes that Mr. Birri has not shown that he is entitled to relief under Rule 60(b)(3) due to fraud, misrepresentation, or misconduct.

**B.      Duress**

Mr. Birri says that he signed the settlement agreement under duress. Dkt. No. 25 at 2. Generally, duress requires a party to show that another committed a wrongful act that was sufficiently coercive to cause a reasonably prudent person, with no reasonable alternative, to agree to an unfavorable contract or course of action. *See Martinez-Gonzalez v. Elkhorn Packing Co. LLC*, 25 F.4th 613, 620 (9th Cir. 2022). Duress is not among the enumerated grounds for relief under Rule 60(b), so the Court construes Mr. Birri's argument as a request under Rule 60(b)(6), which permits relief from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action

to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103. To obtain relief under this provision, a party must "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.* (cleaned up).

Mr. Birri says that the AUSA "took advantage of [him] on February 10, 2023" by "getting [him] to [] quickly [] sign the settlement agreement [] before the Judge rule[d] on the motion to dismiss." Dkt. No. 25 at 2. Because Mr. Birri rushed to return the executed settlement to the SBA within hours of receiving it, he says he did not have time to adequately review the agreement or discuss it with an attorney from the Federal Pro Se Program. *Id.* The SBA responds that the settlement agreement, which was proposed in response to Mr. Birri's email, gave him the relief he requested. Dkt. No. 26 at 10-12. It also points out that Mr. Birri never asked for additional time to consider the proposal. *Id.* at 11.

Mr. Birri's allegations of duress do not suggest that circumstances beyond his control prevented him from reviewing the settlement agreement and proceeding according to his own best interests. Mr. Birri says that he "was not given any understanding that [he] could go through with the settlement once [he] had time to fully go over the document that weekend." Dkt. No. 27 at 4. However, he does not contend that the AUSA told him he *could not* consider the proposed agreement over the weekend, and nothing in the record suggests that the SBA or anyone else gave Mr. Birri *any* deadline. *See* Dkt. No. 26-24. Instead, Mr. Birri alleges (and the SBA agrees) that the AUSA told him that the Court's ruling on the then-pending motion to dismiss could affect the SBA's willingness to settle—undoubtedly, a true statement. *See* Dkt. No. 25 at 2; Dkt. No. 26-3 ¶ 14. Mr. Birri does not explain how he concluded from these statements that he had to accept the proposed settlement agreement immediately. The pendency of the SBA's motion to dismiss and uncertainty about the timing of the Court's decision on that motion are not the kind of "extraordinary circumstances" that constitute duress or otherwise warrant relief under Rule 60(b)(6).

For these reasons, the Court concludes that Mr. Birri has not shown that he is entitled to relief under Rule 60(b)(6) due to duress.

**C. Newly Discovered Evidence**

Under Rule 60(b)(2), a party may be relieved from an order by reason of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Mr. Birri points to three pieces of "new" evidence: (1) the May 3, 2023 letter from the SBA regarding his FTCA claim, (2) audio recordings of his telephone conversations with SBA representatives, and (3) documents "showing the SBA stating [he] was overfunded for a Black person" which he received through a FOIA request. Dkt. No. 25 at 7-8. The SBA responds that this evidence is not new and would not have affected the disposition of the case. Dkt. No. 26 at 14-16.

The Court agrees with the SBA. None of the evidence Mr. Birri cites meets the standard for relief under Rule 60(b)(2). As discussed above, the May 3, 2023 letter does not support Mr. Birri's thesis that he could have separately pursued a viable FTCA claim on the same facts asserted in support of his complaint in this action. In addition, it is unclear how the recorded conversations or the additional documents he obtained from the SBA differ from or add to the factual allegations already stated in his complaint, which include allegations that the SBA refused to distribute approved loan funds because it believed he was "overfunded for a black person." Mr. Birri does not say when he acquired the recordings and documents, nor does he explain how he exercised diligence in trying to obtain this information before agreeing to the proposed settlement. Finally, Mr. Birri has not shown that the "new" evidence was of such magnitude that, had he obtained it earlier, it likely would have changed the disposition of the case or his willingness to agree to the proposed settlement. *See Feature Realty*, 331 F.3d at 1093.

For these reasons, the Court concludes that Mr. Birri has not shown that he is entitled to relief under Rule 60(b)(2) on the basis of newly discovered evidence.

## IV. CONCLUSION

The Court denies Mr. Birri's motion for relief from the order of dismissal or the settlement agreement resolving the litigation.

**IT IS SO ORDERED.**

Dated: November 2, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge